Christos Agra, Esq. (SB #025931)
The Law Office of Christos Agra, PLC
One East Camelback Road Suite 300
Phoenix, Arizona 85012
602-264-9800 Phone
602-277-9789 Fax
cagralaw@gmail.com
Attorney for Debtor

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>**LEONARDO ROBINSON,**<br><br>Debtor.<br><br>Colonial Savings, F.A.<br><br>Movant,<br><br>vs.<br><br>Leonardo Robinson, Debtor, Russell Brown, Trustee | Case No.: 2: 10-BK-22383-RJH<br><br>**DEBTOR'S AMENDED RESPONSE TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY**<br><br>**AND**<br><br>**REQUEST FOR A HEARING** |

The Respondent/Debtor, Leonardo Robinson, hereby amends his response to the Motion for Relief from the Automatic Stay (hereafter "Motion") filed by Colonial Savings, F.A. Admissions are made only to express matters admitted herein and any non-referenced matters are denied.

## MEMORANDUM OF POINTS AND AUTHORITIES

The Court should continue the automatic stay protection as Debtor's Chapter 13 Plan provides full adequate protection of Movant's interest as modified under the provisions of 11 U.S.C. § 1322. The residence commonly known as 3120 W. Kateri St. Phoenix, AZ 85041 ("Property") is real property in which Debtor acquired rights to pre-petition and is Debtor's primary residence.

Debtor provides for full payment of the arrears under the terms of the Chapter 13 Plan. Furthermore, since the filing of his bankruptcy, Debtor is current on mortgage payments owed to the Movant. The core of Movant's Motion is that a Trustee's Sale/Foreclosure on the property

Amended Response - 1

was held on July 19, 2010. Debtor filed his Bankruptcy on July 19, 2010 before the foreclosure sale had occurred or before title was perfected.

During the hearing conducted on October 18, 2010, Movant declared that the basis for its Motion for Relief from the Stay came from the fact that Debtor had filed two previous Bankruptcies within the past year of the current Bankruptcy filing and that the Automatic Stay no longer applied. In its written Motion, Movant failed to state any of the arguments they raised at the hearing on October 18, 2010. Such action constitutes a violation of Bankruptcy Procedure and as a consequence, Movant's Motion should be denied.

Pursuant to Rule 9013 (a) of the Federal Rules of Bankruptcy Procedure, "A request for an order, except when an application is authorized by these rules, shall be by written motion, unless made during a hearing. The motion shall state with particularity the grounds therefor, and shall set forth the relief or order sought."

Movant did not state with particularity the grounds for which they claimed relief. In other words, Movant did not state the reason(s) why they were entitled to relief from the automatic stay in their Motion. They wrote:

> A Trustee's sale was held on July 19, 2010 regarding the real property commonly known as 3120 West St Kateri Drive, Phoenix, AZ. Colonial Savings, F.A. purchased the property at the Trustee's Sale. A copy of the Trustee's Deed is attached hereto as Exhibit "A" and made a part hereof by this reference. Debtor, Leonardo Robinson filed a voluntary petition for protection under Chapter 13 of the Bankruptcy Code on July 19, 2010. Russell A. Brown was appointed trustee of the bankruptcy estate… As Movant is the owner of the real property, Debtor and estate have no equity in the property because all he has is possessory interest in the above referenced property. (Movant's Motion for Relief from Stay Page 2).

The logical conclusion as to why Movant included this statement in their Motion was that they believed the foreclosure occurred prior to the Bankruptcy filing thus abrogating Debtor's claim that the Automatic Stay stopped the foreclosure, but then again it is not clear why Movant is entitled to relief from the Stay because they do not make any such assertion in their Motion. Movant's Motion does not state with particularity and, moreover, does not state any reason why the stay should be lifted. Therefore, Movant has not complied with Rule 9013 (a) of the Federal Rules of Bankruptcy Procedure.

In addition, Movant has not complied with Local Rule 9013-1 (a) which states, "All motions, unless made in open court, shall include a memorandum setting forth the points and authorities relied upon in support of the motion." Movant's Motion includes a memorandum of points and authorities but does not indicate any authority or section of any statute, case law, or Bankruptcy code or section. Movant's Motion states no legal basis for which relief can be granted and the Motion should therefore be denied.

Movant has failed to state with particularity the reasons why they seek a curtailment of the Automatic Stay in their Motion as FRBP 9013(a) and Local Rule 9013-1 (a) requires. The automatic stay should remain in full force and effect regarding the subject Property at issue. The continued automatic stay is based upon Debtor's performance of the Chapter 13 Plan and compliance with all requirements of the Chapter 13 Trustee's office.

WHEREFORE Debtor prays that the Court deny Movant's Motion, that the Court order the automatic stay remain in effect, and that such stay be conditioned upon Debtor's performance of the applicable requirements of Chapter 13 Bankruptcy Statutes including the provisions of their Chapter 13 Plan.

Respectfully submitted, this 28th day of October, 2010.

The Law Office of Christos Agra, PLC

/s/ Christos Agra
Christos Agra
Attorney for Respondent

Copy of the following sent by mail this 28th day of October, 2010 to:

Tiffany & Bosco
Mark S. Bosco
2525 E. Camelback Rd. Ste 300
Phoenix, AZ 85016

Russell Brown, Trustee
3838 N. Central Ave. Ste800
Phoenix, AZ 85012

By: Christos Agra